**Chang Yong CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–4346–AG NAC.

United States Court of Appeals,
Second Circuit.

March 31, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

John C. Richter, United States Attorney, Kay Sewell, Assistant United States Attorney, Western District of Oklahoma, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

Chang Yong Chen petitions for review of the BIA's July 19, 2005 decision in which the BIA affirmed the immigration judge's ("IJ") order denying Chen's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering him removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard: "a finding will stand if

it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d, 279, 287 (2d Cir.2000)). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

The IJ based his adverse credibility finding solely on the inconsistences between Chen's hearing testimony, asylum application, and his father's statement with respect to when he started practicing Falun Gong and when he was arrested. An IJ must consider an applicant's explanation for inconsistencies if one is provided. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005) (citing *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149–50 (2d Cir.2003)). In this case, although Chen was questioned by government counsel about discrepancies between his testimony, his application and his father's statement, the IJ never discussed Chen's responses. Specifically, Chen stated that, with respect to when he was arrested, the December 1999 date was correct and that, when he testified, he may not have remembered correctly. Furthermore, when asked about the discrepancy regarding when he started practicing Falun Gong, Chen clarified that he started in 1997 as opposed to late 1996. The IJ also failed to consider Chen's additional corroborating evidence, *i.e.*, Li's statement, and the fact that it coincided with both Chen's asylum application and Chen's father's statement with respect to when Chen was arrested. The IJ should have addressed Chen's explanation and his corroborating evidence, especially considering the fact that the IJ relied solely on these inconsistencies in making his adverse credibility determination. This is all the more important given that these discrepancies identified by the

IJ may be the sort of "minor and isolated" disparities that might not provide a sound basis for discrediting an applicant's otherwise consistent testimony regarding his practice of Falun Gong. *Diallo*, 232 F.3d at 288 (finding that inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is "minor and isolated," and the testimony is otherwise generally consistent, rational, and believable).

The IJ also made a fundamental error in ignoring a significant aspect of Chen's testimony in support of his claims of past persecution and future persecution. The IJ, assuming in the alternative that Chen's testimony was credible, simply dismissed Chen's claims that he was detained and beaten for practicing Falun Gong by stating that this "mistreatment" occurred during only a "brief period" and that there was no physical injury. The IJ erred in overlooking Chen's testimony that he had been beaten and injured. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004). Chen stated in his application and testimony that (1) he was warned not to practice Falun Gong, and that if authorities discovered him doing so, he would be "detained, sent to be 'reeducated' at a labor camp and be imprisoned;" (2) he was also warned that, if he did not immediately stop the "cult" practice, he would face "serious consequences;" (3) he was arrested, beaten and detained for practicing Falun Gong; and (4) after being released from detention, government officials came to his house to harass him. In addition to this testimony, Chen provided corroborating evidence from his father and from the individual he practiced with in China. In light of the agency's failure to consider this relevant evidence in arriving at its conclusions, this case must be remanded for a reevaluation of Chen's claim.

Chen failed to raise his claim for CAT relief before either this Court or the BIA.

This Court, therefore, lacks jurisdiction to review the claim because Chen did not exhaust his remedies before the BIA. *See* 8 U.S.C. § 1252(d)(1). Furthermore, Chen has waived any challenge to his CAT denial. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. Oct.13, 2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA with directions to order further proceedings relevant to Chen's credibility in accordance with this order.